UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NICOLAS M., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C25-5275-SKV <br><br> ORDER AFFIRMING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of his applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in 1992, has a high school education, and has worked as a flagger. AR 29. Plaintiff was last gainfully employed in June 2020. AR 19.

On November 10, 2021, Plaintiff applied for benefits, alleging disability as of June 15, 2020. AR 17. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff

requested a hearing. AR 17. After the ALJ conducted a hearing on February 16, 2024, the ALJ issued a decision finding Plaintiff not disabled. AR 17, 30.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since June 2020.

**Step two**: Plaintiff has the following severe impairments: depressive disorder, anxiety disorder, personality disorder, substance addiction - drugs, and bipolar disorder.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity**: Plaintiff can perform a full range of work at all exertional levels but with the following non-exertional limitations: he can perform simple, routine tasks, and can tolerate occasional contact with coworkers, supervisors, and the general public. He cannot engage in tasks that require teamwork or close collaboration with coworkers and requires regular work breaks at 2-hour intervals. He can tolerate occasional changes to work routines and processes.

**Step four**: Plaintiff can perform past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 19-30.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 1. The parties consented to proceed before the undersigned Magistrate Judge. Dkt. 3.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 2

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred by misevaluating the medical opinion evidence. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A.     The ALJ Did Not Err in Evaluating the Medical Opinion Evidence

Plaintiff argues the ALJ erred in evaluating the opinion of Alysa A. Ruddell, Ph.D. Dkt. 13 at 2-4. The ALJ considered Dr. Ruddell's opinion and discounted it as contradicted by the

objective medical evidence which showed largely normal mental status exams and improvement with treatment. AR 27.

Dr. Ruddell examined Plaintiff in October 2021. AR 302. At the time of the exam, Plaintiff reported he was not taking any medications for his mental health. AR 302. However, as summarized by the ALJ, Plaintiff's treatment history demonstrated symptom improvement and control with medication through 2023, symptom regression with inconsistent medication compliance, and normal mental status exams even when not using medication. AR 23-26. This contradicted Dr. Ruddell's opinion of marked to severe mental health impairments, and the ALJ reasonably discounted her opinion. "Impairments that can be 'controlled effectively' by medication or treatment are not considered disabling[.]" *Rose P. v. Comm'r of Soc. Sec.*, 414 F. Supp. 3d 1339, 1343 (W.D. Wash. 2019) (quoting *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006)). While the ALJ could have explained his decision with more clarity, his path can be reasonably discerned. *See Treichler v. Comm'r of SSA*, 775 F.3d 1090, 1099 (9th Cir. 2014). The Court therefore finds no error.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 9th day of December, 2025.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge